IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY DARNELL YOUNG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO.  13-CV-591-WDS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**ORDER**

**STIEHL, District Judge:**

Before the Court is petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1). The Court has completed a preliminary review of the motion pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*.

On May 13, 2011, petitioner pleaded guilty, pursuant to a plea agreement, to knowingly and intentionally possessing with intent to distribute 50 grams or more of a mixture or substance containing cocaine base, in the form commonly known as "crack," in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) (Case No. 3:10:CR-30202-WDS-1, Doc. 29).   On September 2, 2011, petitioner was sentenced to 240 months of imprisonment, to run concurrently with the term of imprisonment imposed for the supervised release violation in Case No. 3:99-CR-30190-001-WDS (Case No. 3:10:CR-30202-WDS-1, Docs. 37, 39).   Petitioner did not file a direct appeal.

Petitioner, who is represented by counsel, requests that the Court grant his motion to vacate his sentence and resentence him under the Fair Sentencing Act of 2010.   In *Dorsey v. United States*, 132 S.Ct. 2321, 2335 (2012), decided June 21, 2012, the Supreme Court held that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders."   Petitioner asserts that as a result of the *Dorsey* decision, and in light of the fact that petitioner was sentenced after the enactment of the Fair

Sentencing Act, he should have faced a statutory penalty range of 5 to 40 years of imprisonment instead of a range of 10 years to life.    Further, petitioner asserts, his career offender Guidelines range, post-*Dorsey*, which is based on the statutory penalty range, is 188 to 235 months of imprisonment, instead of 262 to 327 months of imprisonment.   U.S.S.G. § 4B1.1(b).   In light of the fact that petitioner received a downward variance at sentencing, petitioner further asserts that a downward variance should now result in a sentence lower than 188 months of imprisonment, and, therefore, lower than the 240 month sentence petitioner received. In other words, the pre-*Dorsey* statutory range led to an erroneous Guidelines range, which resulted in an erroneous starting point for the agreed upon downward variance, which resulted in a violation of his due process rights.

Additionally, petitioner asserts that Senior United States Probation Officer Melissa L. Haberer has concluded that petitioner is eligible for a sentence reduction under *Dorsey*, to a statutory range of 5 to 40 years, and a resulting advisory Sentencing Guidelines range of 188 to 235 months.

Petitioner requests that his sentence be vacated, and that the Court resentence him to 172 months of imprisonment.   Petitioner asserts that this downward variance would approximate the downward variance he previously received from his original Guidelines range.

In his plea agreement, petitioner waived his right to appeal or bring a collateral challenge to his conviction and sentence.   The waiver, however, does not apply to (1) a sentence imposed that "is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater)," or (2) "appeals based upon Sentencing Guideline amendments which are made retroactive by the United States Sentencing Commission." (Case No. 3:10:CR-30202-WDS-1, Doc. 26, § III, ¶¶ 2, 3).

Because this is only a preliminary review, the Court has not considered the merits of petitioner's claims or whether they have been procedurally defaulted. *See generally McCleese v. United States*, 75 F.3d 1174 (7th Cir. 1996); *Massaro v. United States*, 538 U.S. 500 (2003).   In light of the Supreme Court's decision in *Dorsey*, however, petitioner's claim that he should be

resentenced under the Fair Sentencing Act arguably falls within at least one exception to his waiver, and the motion survives preliminary review under Rule 4(b).

Accordingly, the Court **ORDERS** the Government to respond to petitioner's motion (Doc. 1), attaching all relevant portions of the record, on or before **August 8, 2013.**


**IT IS SO ORDERED.**

**DATE: July 8, 2013**

                                      **/s/   WILLIAM D. STIEHL**
                                           **DISTRICT JUDGE**